UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY C. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00212-JMS-MG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Larry C. Johnson was convicted in an Indiana court in 2018 of two counts of dealing in cocaine or narcotic drug and one count of maintaining a common nuisance. Mr. Johnson now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that the trial court erred when it allowed him to proceed without counsel. He raises three additional grounds for relief based on the following issues: jury instruction error, prosecutorial misconduct, and withholding cell phone evidence. For the reasons explained below, Mr. Johnson's petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

**I.
Background**

On May 16, 2017, Mr. Johnson sold less than a gram of heroin to a confidential police informant. Tr. Trans. Vol. III, dkt. 10-3 at 43–46, 65–74, 109–11, 133–35. The police then executed a warrant to search Mr. Johnson's house and found almost 11 grams of heroin, scales, and drug paraphernalia. *Id*. at 57, 73, 102-03, 170–77. When they arrested Mr. Johnson, he possessed over $600. *Id*. at 88.

The State charged Mr. Johnson with Level 2 felony dealing in a narcotic drug, Level 5 felony dealing in a narcotic drug, and Level 6 felony maintaining a common nuisance. *Johnson v.*

*State,* 123 N.E.3d 716, 2019 WL 1272683, *1 (Ind. Ct. App. March 20, 2019) ("*Johnson I*") (in the record at dkt. 9-6).

### A. Waiver of Counsel

On May 22, 2017, the trial court held Mr. Johnson's initial hearing, and he moved for an early trial. Dkt. 9-1 at 4. On June 6, 2017, an attorney appeared for him. *Id*. at 5. The attorney moved to withdraw his appearance on October 6, 2017. *Id*. at 9. On October 31, 2017, the court held a hearing and granted the motion to withdraw. *Id*.

At the hearing, the court told Mr. Johnson that he had "three options. You can represent yourself, you can hire someone, another lawyer to represent you[,] or you can take a public defender." Trial Tr. Vol. II, dkt. 10-2 at 15. After a brief conversation about counsel returning fees, Mr. Johnson said, "If I have a fast and speedy trial[,] I'll proceed pro se." *Id*. at 16.

> THE COURT: You're going to represent yourself?
>
> JOHNSON: Yes sir. I'll proceed pro se.
>
> THE COURT: Okay. Why do you want to represent yourself? That's not a very good idea.
> ….
> THE COURT: All right. I understand that. Why do you want to represent yourself? Why don't you want the public defender to represent you or …
>
> JOHNSON: Because I paid for an attorney. I already paid for an attorney[,] but I'll represent, I'll represent myself. I think I can represent myself better than this gentleman here.
> ….
>
> THE COURT: … Have you ever represented yourself before in any kind of Court proceeding?
>
> JOHNSON: Yes. Yes sir, Your Honor, I have.
>
> THE COURT: You did?
>
> JOHNSON: Yes ….

*Id*. at 16–18.

At a hearing on November 13, 2017, the court asked, "Mr. Johnson, do you want some additional time to prepare your case?" *Id*. at 36. Johnson answered, "No sir. I'm ready for Thursday. We'll go to trial Thursday." *Id*. He objected to a continuance. *Id*. at 42–43.

At a hearing on January 26, 2018, the court asked, "Now you still wish to represent yourself, Mr. Johnson?" *Id*. at 51. Johnson answered, "Yes sir." *Id*. at 51. The court said, "Okay. You understand you're facing a Level 2 Felony here, it's pretty serious. You don't want legal counsel?" *Id*. Johnson answered, "Yes sir. No sir." *Id*.

The court held a pretrial hearing on February 1, 2018. *Id*. at 136. When Johnson asked about suppressing evidence, the court said, "I told you when you're going to represent yourself I cannot help you." *Id*. at 145. Mr. Johnson said, "I agree with you, Your Honor" *Id*. The court continued, "I cannot stand on your side of this case. You're responsible. You took responsibility for this. That's why I told you to hire—get a—let the Public Defender represent you." *Id*. at 145. When Mr. Johnson inquired about the confidential informant's convictions, the court said, "that's why you needed a lawyer, to help to check on that stuff." *Id*. at 148. After discussing the confidential informant's criminal history, the following exchange occurred:

> JOHNSON: Can I address Co-Counselor?
>
> THE COURT: Yes you may. Go ahead.
>
> JOHNSON: Can I have Co-Counsel get me various papers?
>
> THE COURT: Get you what?
>
> JOHNSON: Can I have Co-Counselor to assist me, Co-Counselor …
>
> PROSECUTOR: Judge that's a …
>
> JOHNSON: Well he has two people. You have two people over there.

3

PROSECUTOR: That is a late request the morning of trial. He has been insistent, pro se …

THE COURT: … I offered you that once before, Mr. Johnson and you didn't want that.

JOHNSON: No. You offered me an attorney.

THE COURT: And I offered you standby counsel and you said you didn't need a lawyer.

PROSECUTOR: May I bring to this Court's attention, Ms. Inkenbrandt was here when we did our pre-trial. He and I had a dialog then. I can't remember which deputy was here. It may have been Lieutenant Ashworth and I admonished Mr. Johnson then, I said sir you do not know what you're doing in this case. You need to be represented by an attorney. He rebuked my statement and said I don't need any counsel, I don't need a Public Defender. I'm ready to go.

THE COURT: Yeah …. I understand. You can't have a trial today with co-counsel.
….
THE COURT: Mr. Johnson[,] it's obvious to me that I was right months ago when I told you you're making a big mistake.
….
THE COURT: Many of the things you've said and many of the efforts you've made on your behalf have not been successful because many of them, you just don't know what you're doing. You're not adequately skilled in the law how to investigate these things, how these things work and that's what I told you. A lawyer can do things for you that you can't do for yourself. You're right. You're in jail. You have very limited access to anything. That's why I …

JOHNSON: … But I still should be, I still should be …

THE COURT: … on a number of occasions asked you to …

JOHNSON: … I still should be entitled to a fair trial[,] Your Honor.

THE COURT: Yeah …, you are.

JOHNSON: Irregardless [sic] of that. I …

THE COURT: … But you're the one who is interfering with that, not me. I can't— by law I am not allowed to be on your side.
….
THE COURT: Do you, do you want a lawyer to help you on this case or not? You can't have a trial today if that's what you want.

4

> JOHNSON: Okay but you going to make a ruling upon him destroying material evidence? He done destroyed the evidence.
>
> THE COURT: No. I am not going to make a ruling that Detective Hassler destroyed material evidence.
>
> JOHNSON: Okay. Come on. We gonna go to trial then. Come on. Go to trial. Let's go.
>
> THE COURT: All right.

*Id*. at 176–78.

After jury selection, Johnson asked, "Your Honor can I have co-counsel?" Tr. Trans. Vol. III, dkt. 10-3 at 33. The court answered,

> THE COURT: Sir[,] you can't—you can't wait till the day of trial to ask for that. There's nobody in the Public Defender's Office who would be available. I did sort of check this morning. There's nobody available and you know, nobody would feel competent to step in in the middle of trial and, and take over or help out. They wouldn't have any idea what the case is about or what you're trying to do.
>
> JOHNSON: Well they could help me with—in objecting to certain evidence that Prosecutor may offer ….
>
> THE COURT: Okay. Well as to your request for standby counsel it's too late. I mean there's no way I can get somebody here not to do that.

*Id*. at 33–36.

### B. Final Jury Instruction 3

Johnson specifically examined Final Instructions 3, 4, and 5 because the court removed some language from the pattern instructions. Tr. Trans. Vol. IV, dkt. 10-4 at 92–96. When the court asked, "Now do you have any objection to those Instructions?" Mr. Johnson answered, "No. No sir." *Id*. at 97. Final Instruction 3 read:

> The crime of Dealing in a Narcotic Drug as charged in Count 1 is defined by statute as follows:
>
> A person who knowingly or intentionally possesses with the intent to deliver a narcotic drug, pure or adulterated, classified as a Schedule 1 commits

      dealing in a narcotic drug, a Level 5 Felony. The offense is a Level 2 Felony if the amount of the drug involved is at least ten (10) grams.

      Before you may convict the defendant the State must have proved each of the following beyond a reasonable doubt:
        1. The Defendant
        2. Knowingly or intentionally
        3. Possessed with intent to deliver
        4. Heroin, pure or adulterated
        5. And the amount of the drug involved was at least ten (10) grams.

      If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty of Dealing in a Narcotic Drug, a Level 2 Felony, as charged in Count 1.

*Id*. at 120–21; PCR Appx., dkt. 10-6 at 112.

### C. Post-Trial Proceedings

The jury found Mr. Johnson guilty as charged, and the trial court sentenced him to 25 years. *Id*. at 17. On appeal, Mr. Johnson challenged the trial court's decision to allow him to represent himself and then not reassert his right to counsel. Dkt. 9-3 at 16–30. The Court of Appeals of Indiana held that he had validly waived his right to counsel and later requested hybrid representation, which the Sixth Amendment did not guarantee. *Johnson I*, 2019 WL 1272683 at *10−12. In a petition to transfer to the Indiana Supreme Court, Mr. Johnson challenged the trial court's decision to allow him to represent himself. Dkt. 9-7. The court denied transfer on May 9, 2019. Dkt. 9-2 at 6.

On March 19, 2020, Mr. Johnson filed a petition for post-conviction relief, which he later amended. Dkt. 9-8 at 2. After the post-conviction court denied his petition, Mr. Johnson appealed. Dkt. 9-10. As relevant to his petition here, Mr. Johnson argues that Final Instruction 3 was incomplete and that the State suppressed his cell phone. *Id*. at 8–43. The Court of Appeals of Indiana held that he waived these issues because he could have raised them on direct appeal. *Johnson v. State*, 201 N.E.3d 624, 2022 WL 16844470, *1−2 (Ind. Ct. App. 2022) ("*Johnson II*")

(in the record at dkt. 9-13). Mr. Johnson also argued that he received ineffective assistance from his appellate counsel for not challenging Final Instruction 3. Dkt. 9-10 at 43–47. The court concluded that his counsel was not ineffective. *Johnson II*, 2022 WL 16844470 at *2−4. In a petition to transfer to the Indiana Supreme Court, Johnson raised ineffective assistance of appellate counsel. Dkt. 9-15. The court denied transfer on April 6, 2023. Dkt. 9-9 at 7.

On April 28, 2023, Johnson filed a petition for a writ of habeas corpus in this Court. Dkt. 2. He raised four grounds for relief: 1) the trial court erred when it provided insufficient warning before allowing him to proceed without counsel; 2) the trial court gave a faulty jury instruction regarding the elements of the charged crime; 3) the prosecutor committed misconduct by allowing perjured testimony; and 4) the prosecutor withheld cell phone evidence.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000).

"In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191−92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct.

The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Another type of procedural default occurs when "the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).

"Procedural default may be excused where the petitioner demonstrates either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (cleaned up).

## III.
## Discussion

### A. Procedurally Defaulted Claims

Mr. Johnson has defaulted most of his grounds for relief—his erroneous jury instruction claim, prosecutorial misconduct claim, and his withheld evidence claim. He failed to raise them on direct appeal, and the Indiana Court of Appeals found that they had been waived when he attempted to raise them during post-conviction relief proceedings. *Johnson II*, 2022 WL 16844470 at *1–2.

Appellate waiver is an independent state law ground for resolving the claim. *See Richardson v. Lemke*, 745 F.3d 258, 270–71 (7th Cir. 2014). It is also an adequate state law ground. Mr. Johnson does not dispute that Indiana courts regularly apply appellate waiver in ordinary circumstances. Instead, Mr. Johnson admits his procedural default and attempts to blame his appellate counsel for failing to raise his grounds for relief on direct appeal. Dkt. 2 at 8. "[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). In *Edwards*, the Supreme Court held that a claim of ineffective assistance "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). Mr. Johnson did not exhaust a claim of appellate ineffectiveness in state court based on his prosecutorial misconduct or withheld evidence grounds for relief. Thus, he cannot overcome procedural default of those grounds for relief.

Mr. Johnson did exhaust an ineffective assistance of appellate counsel claim related to the alleged instructional error, thus overcoming procedural default. However, his underlying jury instruction claim is not cognizable in federal court. "Errors in state law in and of themselves are

not cognizable on habeas review. The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). "Because a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review." *Id.*

The Seventh Circuit has held that "the complete failure to give any jury instruction on an essential element of the offense charged, under circumstances indicating that the jury was not otherwise informed of the necessity of proof of the element, is a violation of due process." *Sanders v. Cotton*, 398 F.3d 572, 581–82 (7th Cir. 2005) (quoting *Cole v. Young,* 817 F.2d 412, 423 (7th Cir.1987)). Here, Final Instruction 3 included the essential elements of the charged offense and no federal due process violation occurred. Beyond that, this Court cannot determine whether the jury instruction violated state law. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

The only ground for relief Mr. Johnson exhausted in state court is that the trial court violated his Sixth Amendment right to counsel by allowing him to proceed *pro se*. The Court next addresses this ground on the merits.

### B.  Waiver of Counsel Claim

Mr. Johnson claims that the state court violated his Sixth Amendment right to counsel when it granted his request to proceed to trial without counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). But the Sixth Amendment also "protects a criminal defendant's right to represent himself, so long as he makes a knowing and voluntary choice to forego counsel." *United States v. Jones*, 65 F.4th 926, 929 (7th Cir. 2023) (citing *Faretta v. California*, 422 U.S. 806, 831 (1975)).

"[H]e should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* at 929 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

Mr. Johnson argues that the trial court did not attempt to reconcile him with his retained counsel before granting counsel's motion to withdraw, failed to adequately inform him of the charges against him, and failed to adequately warn him of the dangers of self-representation. Dkt. 13 at 5, 7, 11−12.

The state court correctly identified and applied *Faretta*, and a four-factor test applied by both Indiana state courts and the Seventh Circuit:

> [O]ur supreme court adopted a four factor test for whether a waiver is knowing and intelligent:
> (1) the extent of the court's inquiry into the defendant's decision, (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation, (3) the background and experience of the defendant, and (4) the context of the defendant's decision to proceed pro se.

*Poynter v. State*, 749 N.E.2d 1122, 1127-28 (Ind. 2001); *Jones*, 65 F.4th at 929 (Seventh Circuit applying same four factors). After thoroughly analyzing the record in light of these factors, the state court concluded that "Johnson voluntarily, knowingly, and intelligently waived his right to counsel." *Johnson I*, 2019 WL 1272683, at *8−11. This conclusion was reasonable and supported by the record. As recited extensively in Section I above, throughout his prosecution, the trial court cautioned Mr. Johnson against proceeding without counsel, and Mr. Johnson repeatedly demonstrated that he understood the risks of his choice to proceed on his own. Mr. Johnson is not entitled to relief on this ground.

## IV.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could disagree that Mr. Johnson's claims were either procedurally defaulted or were denied by the Indiana Court of Appeals based on a reasonable application of federal law. Therefore, a certificate of appealability is **denied**.

13

## V.
## Conclusion

Mr. Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 7/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY C. JOHNSON
922938
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov